895 F.2d 1420
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ALLEN-BRADLEY COMPANY, INC., Plaintiff-Appellee,
v.
MICROFAST CONTROLS CORP., Defendant-Appellant,
and
Autotech Corporation and Shalabh Kumar, Defendants.
 No. 89-1529.
 United States Court of Appeals, Federal Circuit.
 Jan. 12, 1990.
 
 Before MARKEY, Chief Judge, FRIEDMAN, Senior Circuit Judge, and RICHARD MILLS, District Judge.*
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 Microfast Controls Corp. (Microfast) appeals from a final judgment under Rule 54(b), Fed.R.Civ.P., of the United States District Court for the Northern District of Illinois holding its United States Patent No. 3,761,882 ('882) noninfringed. We affirm.
 
 OPINION
 
 2
 The district court correctly granted partial summary judgment concluding that no genuine issue of material fact exists regarding whether Allen-Bradley Co., Inc.'s (Allen-Bradley) programmable controllers infringe the '882 patent. Claim 1, inter alia, recites: "a read-only memory for storing a plurality of words each comprising an address and an instruction, means for continuously and repetitively scanning one at a time all the words stored in said memory." Allen-Bradley's programmable controllers use volatile read/write memory. Hence there can be no genuine issue of material fact as to literal infringement. See Builders Concrete, Inc. v. Bremerton Concrete Prods. Co., 757 F.2d 255, 257, 225 USPQ 240, 241 (Fed.Cir.1985).
 
 
 3
 There is no genuine issue of material fact as to infringement under the doctrine of equivalents because Allen-Bradley controllers do not operate in substantially the same way as the claimed invention. Allen-Bradley's controllers scan and execute the program from volatile read/write memory. Hence, irrespective of Allen-Bradley's optional electrically erasable read-only memory for back-up, battery back-up, and memory protection features, there can be no infringement under the doctrine of equivalents.
 
 
 4
 We find no merit in Microfast's contention that nothing in the claim requires scanning of the program while in the read-only memory. The "said memory" limitation is clearly refering to the aforementioned "read-only memory". Similarly meritless are Microfast's contentions that genuine issues of material fact are necessarily raised by the construction of the term "scanning", see Johnson v. Ivac Corp., 885 F.2d 1574, 1579-80, 12 USPQ2d 1382, 1386 (Fed.Cir.1989) and by the allegation of infringement under the doctrine of equivalents, see, e.g., Spectra Corp. v. Lutz, 839 F.2d 1579, 1581-82, 5 USPQ2d 1867, 1869-70 (Fed.Cir.1988).
 
 
 5
 Microfast's allegations that the Allen-Bradley PLC-4 uses a bypass to a read-only memory fail to raise a genuine issue of material fact for trial. The district court correctly concluded that Microfast "had not presented any more than a 'scintilla' of evidence" in support.
 
 
 6
 We have considered all other arguments of Microfast and find them equally unavailing.
 
 
 
 *
 District Judge Richard Mills of the Central District of Illinois, sitting by designation